```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

ROBERTA JAMES,                       )
                                     )
      Plaintiff                      )
                                     )
      v.                             )    CAUSE NO. 3:05-CV-0244 RM
                                     )
MARTEN TRANSPORT, LTD.,              )
and EARNEST M. ALSOBROOKS,           )
                                     )
      Defendants                     )

## OPINION AND ORDER

Roberta James moves under 28 U.S.C. § 1447(c) to remand this case back to the Marshall County Circuit Court in Marshall County, Indiana. She says the defendants improperly removed the case because they didn't effectively file a copy of the notice of removal with the clerk of the Marshal County Circuit Court as required by 28 U.S.C. § 1446(d). The portion of the removal statute relevant to today's decision reads as follows:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1146(d).

Counsel for the defendants, W. Scott Trench, filed a notice of removal in federal court [docket no. 2], gave Ms. James written notice of the removal, and filed a copy of the notice with the clerk of the Marshall County Circuit Court. There is no dispute about these facts. Ms. James contends that the copy of the

notice of removal filed with the state court was ineffective for purposes of § 1146(d) because Mr. Trench isn't licensed to practice law in the State of Indiana.[1] She relies on an Indiana Court of Appeals decision that stated: "Absent leave of the court, an attorney not licensed to practice law in Indiana may neither enter an appearance on behalf of a client nor file any briefs, papers or pleadings without the aid of local counsel." Butler v. State, 668 N.E. 2d 266, 268 (Ind. Ct. App. 1996) (citing Pro-Lam, Inc. v. B & R Enterprises, 651 N.E. 2d 1153, 1156 (Ind. Ct. App. 1995)).

Ms. James's argument is not persuasive because the removal statute simply requires defense counsel to "file a copy of the notice with the clerk of such State court," — something that Mr. Trench undisputedly did. Nowhere does § 1446(d) require defense counsel to be licensed to practice in the state court from which the case is removed, or to comply with the state court's filing rules. The purpose of requiring defense counsel to file a copy of the notice with the state court is to notify the state court that its work on the case is finished unless and until the federal court remands it. Linden v. Chase Manhattan Corp., 52 F. Supp. 2d 387, 388 (S.D.N.Y. 1999). On the record before the court, there is no evidence that Mr. Trench's filing of a copy of the notice of removal failed to achieve that purpose; no party suggests that the state court continued to process this litigation after receiving a copy of the notice of removal. Ms. James motion should be denied

---

[1] Mr. Trench is licensed to practice in the State of Illinois, and is admitted to practice in the United States District Court for the Northern District of Indiana.

2

because the defendants have complied with all the requirements of the removal statute.

Even if the court accepted Ms. James's argument that defense counsel must comply with the state court's procedural requirements when filing the copy of the notice of removal, it could not find that Mr. Trench's filing was invalid under Indiana law. In <u>Butler v. State</u>, the case upon which Ms. James bases her argument, the state court of appeals overturned the defendant's conviction after it found the defendant's trial counsel was *per se* ineffective because he wasn't licensed to practice law in Indiana. <u>Butler v. State</u>, 668 N.E. 2d at 269. In fact, defense counsel in <u>Butler</u> represented the defendant in two consecutive trials; the first ended in a hung jury, and the second in a conviction. <u>Id.</u> at 267.

That was the context in which Indiana's court of appeals stated that an attorney not licensed to practice in Indiana "may neither enter an appearance on behalf of a client nor file any briefs, papers or pleadings without the aid of local counsel." <u>Butler v. State</u>, 668 N.E. 2d at 268. The case cited by the <u>Butler</u> court, <u>Pro-Lam, Inc. v. B & R Enterprises</u>, also involved an attorney unlicensed in Indiana who filed papers with an Indiana court seeking relief on his client's behalf. 651 N.E. 2d at 1156 (attorney filed a notice of extension of time to file an answer, and the court deemed the filing ineffective because the attorney wasn't licensed).

Unlike the attorneys in <u>Butler</u> and <u>Pro-Lam</u>, Mr. Trench didn't enter his appearance in the state court, seek any relief from the state court, or take any action to further the litigation in the state forum. The effect of Mr. Trench's "filing"

was quite the opposite. The copy of the removal notice merely informed the state court that Mr. Trench's clients would not be litigating there and had taken the case to federal court. So even if the Indiana state rule applied to attorneys fulfilling the requirements of § 1146(d) (and the court is not persuaded that it applies), the court couldn't read Butler and Pro-Lam so expansively as to prohibit an out-of-state attorney from merely notifying an Indiana court that a case had been removed to federal court.

    Accordingly, Ms. James's motion to remand [docket no. 13] is DENIED.

    SO ORDERED.

    ENTERED: June 9, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court