UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERTA JAMES, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>MARTEN TRANSPORT, LTD., a )<br>foreign corporation, and EARNEST )<br>M. ALSOBROOKS, )<br>)<br>Defendants ) | CAUSE NO. 3:05-CV-244RM |

OPINION AND ORDER

Roberta James brought this personal injury suit against Marten Transport, Ltd. and Earnest Alsobrooks (to whom the court refers collectively as Marten). The court's jurisdiction is based on the parties' diverse citizenship. 28 U.S.C. § 1332. Ms. James and Marten Transport each seek to exclude testimony from the other's designated expert witness. For the reasons that follow, the court denies both motions.

Ms. James seeks exclusion of the testimony of Dr. Ronald Pawl on two grounds. First, she contends his expert report failed to satisfy the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. Second, she says his opinion testimony is inadmissible under Rule 702 of the Federal Rules of Evidence. Her argument and Marten's responding argument occasionally intermingle the two rules, but distinctly different analyses are required. Motions to exclude under Rule 702 often travel in pairs: Marten Transport seeks to exclude the testimony of Ms. James's expert, Dr. Ivo Bekavac.

Rule 26(a)(2) requires a retained expert to submit a report that, among other things, sets forth every opinion the expert will testify to, identifies all facts and data the witness considered, identifies information on which the expert relied in forming each opinion, and setting forth all cases in which the witness has given testimony in the preceding four years. Ms. James contends that Dr. Pawl's report fails on each count.

The court agrees with Ms. James that Dr. Pawl's report didn't comply with Rule 26(a)(2) because it did not identify the records he looked at or the authorities for his opinions. Exclusion for non-disclosure is warranted only if the non-disclosure was not harmless. FED. R. CIV. P. 37(c)(1). Subsequent information from Dr. Pawl at his deposition have made those non-disclosures harmless; with a single exception, he has identified the materials on which he relied and the authorities for his opinions. Dr. Pawl still does not appear to have disclosed support for his opinion that fibromyalgia is not traumatically induced, but judicial notice fills in that gap. See Vargas v. Lee, 317 F.3d 498, 501 (5th Cir. 2003) (persuasive holding that trial court abused discretion in admitting expert testimony that fibromyalgia was traumatically induced). Accordingly, the rules of civil procedure do not warrant exclusion on this ground.

Ms. James complains that Dr. Pawl cannot vouch for the accuracy of his list of cases in which he has testified in the past years, and cannot say for whom he testified or whether he testified in person or by deposition. Rule 26(a)(2)(B) does not require more than a list of cases in which the witness has testified as an

2

expert in the last four years. If Ms. James learns that Dr. Pawl's list is inaccurate, a request for sanctions against Dr. Pawl and his sponsor will be welcome; short of that, however, the simple possibility of inaccuracy (which inheres in every case) seems a poor basis for excluding a witness.

The court declines to exclude Dr. Pawl's testimony under FED. R. CIV. P. 37(c)(1) for nondisclosure.

Each side moves to exclude the testimony of the other's expert under FED. R. EVID. 702, which seeks to assure that "experts' work is admissible only to the extent that it is reasoned, uses the methods of the discipline, and is founded on data. Talking off the cuff—deploying neither data nor analysis—is not an acceptable methodology." Lang v. Kohl's Food Stores, Inc., 217 F.3d 919, 924 (7th Cir. 2000).

Today's Rule 702 springs from Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), and Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), which found in the Rules of Evidence a responsibility of trial courts to serve as gatekeepers, protecting courtrooms from scientific opinions not based on reliable principles and methods. The Daubert Court and the Advisory Committee notes to amended Rule 702 provide a series of guideposts gatekeeping courts are to use: whether the scientific theory can be and has been tested; whether the theory has been subjected to peer review and publication; the theory's known or potential rate of error when applied; whether the theory has been generally accepted in the scientific community of which it is a part; whether maintenance standards and

controls exist; whether the testimony addresses matters growing from research conducted independent of litigation; whether the witness unjustifiably extrapolates from accepted premise to unfounded conclusion; whether the expert accounts adequately for obvious alternative explanations; whether the expert uses as much care as she would use in professional work outside of paid litigation consulting; and whether the expert's claimed field of expertise is known to reach reliable results for the type of opinion the expert would give. Fuesting v. Zimmer, 421 F.3d 528, 534-535 (7th Cir. 2005), *vacated in part* 448 F.3d 936 (7th Cir. 2006).

The proponent of expert testimony bears the burden of proving its compliance with Rule 702. Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000). Though the opponent has no burden to anything more than object, the proponent's burden is eased when the opponent—as is true of both Ms. James and Marten Transport—presents no evidence to balance against the expert's testimony.

Ms. James says Dr. Pawl did not examine or test her and that the facts of the case contradict some of his assumptions—such as that Ms. James showed no evidence of a concussion upon admission to the hospital. The record contains no support for the proposition that a failure to examine the plaintiff personally has anything to do with the reliable application of reliable scientific principles. Cf. Walker v. Soo Line R.R. Co., 208 F.3d 581, 591 (7th Cir. 2000) ("the lack of an examination . . . does not render [medical] testimony inadmissible"). The court's

4

review of the record doesn't suggest that Dr. Pawl's opinion turns on assumed facts for which no evidentiary support exists. That he may have been mistaken on some peripheral facts or that he never personally examined Ms. James may affect the weight the jury gives his testimony, but does not defeat admissibility.

Marten's objection to Dr. Bekavac's testimony rests entirely on two propositions: a diagnosis of closed head trauma medically requires objective evidence; and the technique of differential diagnosis is required for any medical conclusion to be reliable. Marten Transport cites Lennon v. Norfolk & W. Ry. Co., 123 F. Supp. 2d 1143, 1153 (N.D. Ind. 2000), for the latter proposition, but the court finds no such holding in Lennon. The Lennon court said differential diagnosis is a reliable scientific principle and technique when properly undertaken, but in no sense held it mandatory in all cases; even had it attempted to do so, it would have been dictum because the Lennon court was considering an opinion that multiple sclerosis was traumatically induced. No other issue was before the court. See also Kudabeck v. Kroger Co., 338 F.3d 856, 860-861 (8th Cir. 2003).

As to the need for objective evidence for a diagnosis of closed head trauma, Dr. Bekavac says he relied on examination and history, as do other Board certified neurologists. He also discussed the shortcomings of magnetic resonance imaging in this field. Other than citing cases drawn from other circumstances, Marten offers nothing to contradict Dr. Bekavac. A witness's own testimony about what is or isn't good science may fail to carry a proponent's burden in some

5

circumstances, but this record contains nothing to cast doubt on Dr. Bekavac's testimony.

The court finds in the parties' objections no persuasive reason to exclude either expert's opinion testimony. Further, the court has reviewed the Rule 26(a)(2) reports and read the experts' depositions, which persuade the court that both experts are highly qualified Board certified neurologists who brought the reliable principles and techniques of their art to bear on the issue of Ms. James's condition. Their opinions result from reliable opinions reliably applied; the task of sorting them rests with the jury, not with a gatekeeper.

For the foregoing reasons, the court DENIES the plaintiff's motion to strike the defendants' expert Dr. Ronald Pawl [doc. #39] and the defendants' motion to bar the testimony of Dr. Ivo Bekavac [doc. #41].

ENTERED:   December 15, 2006

　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　United States District Court